UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. _____ |
| ANY AND ALL RADIO STATION EQUIPMENT, ) | |
| RADIO FREQUENCY POWER AMPLIFIERS, ) | |
| RADIO FREQUENCY TEST EQUIPMENT, ) | |
| ANTENNAS, CONNECTING CABLES, AND ANY ) | |
| OTHER EQUIPMENT ASSOCIATED WITH OR ) | |
| USED IN CONNECTION WITH TRANSMISSIONS ) | |
| ON FREQUENCY 87.9 MHz, LOCATED AT SEVIER ) | |
| COUNTY PARCEL NUMBERS 111A D 004.00 AND ) | |
| 111A D 006.00 THROUGH 111A D 009.00, ) | |
| COMMONLY KNOWN AS 4923 AND 4927 ) | |
| EAST PARKWAY, COSBY, ) | |
| TENNESSEE; AND ARTHUR LEE YOUNG, ) | |
| ) | |
| Defendants. ) | |

**VERIFIED COMPLAINT *IN REM* AND FOR MONETARY FORFEITURE**

Plaintiff, United States of America, through William C. Killian, United States Attorney for the Eastern District of Tennessee, files this Complaint *in rem* against the property identified in the caption and for monetary forfeiture against Defendant Arthur Lee Young and alleges upon information and belief as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action *in rem* to forfeit and condemn to the use of the United States of America, pursuant to 47 U.S.C. § 510, any and all radio station transmission equipment, radio frequency power amplifiers, radio frequency test equipment, antennas, connecting cables,

1

and any other equipment associated with or used in connection with any radio transmissions on the frequency 87.9 MHz from or in the vicinity of 4923 East Parkway, Cosby, Tennessee 37722 (collectively, the "Defendant Radio Station Equipment"), which are being used in violation of 47 U.S.C. § 301. Plaintiff also brings this action against Defendant Arthur Lee Young to enforce a Forfeiture Order issued by the FCC on or about June 8, 2012, seeking a monetary forfeiture pursuant to 47 U.S.C. § 503(b).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1341, 1345, and 1355 and 47 U.S.C. §§ 504(a) and 510.

3. The Defendant Radio Station Equipment is located at, and Defendant Young resides at, Sevier County parcel numbers 111A D 004.00 and 111A D 006.00 through 111A D 009.00, commonly known as 4923 East Parkway, Cosby, Tennessee, and Defendant Young has a mailing address of 4927 East Parkway, Cosby, Tennessee.

4. Venue in the Eastern District of Tennessee is proper pursuant to 28 U.S.C. §§ 1355(b), 1391(b), and 1395(a), -(b), and 47 U.S.C. § 504(a) because the acts or omissions giving rise to this action occurred in the Eastern District of Tennessee, and the Defendant Radio Station Equipment and Defendant Young may be found here.

## STATUTORY BACKGROUND

5. The Federal Communications Commission ("FCC") is an independent federal regulatory agency created by Congress to regulate intrastate, interstate, and foreign radio communications pursuant to the Communications Act of 1934, as amended, 47 U.S.C. §§ 151 - 621 (the "Act").

6. Section 301 of the Act, 47 U.S.C. § 301, prohibits the operation of any apparatus for the transmission of energy, communications, or signals by radio from one place in the United States to another place in the United States, except under and in accordance with the Act and with a license for that purpose granted under the provisions of the Act.

7. The only exception to this licensing requirement is for certain low-power radio transmitters operating at a power level that complies with Section 15.209 of Title 47 of the Code of Federal Regulations. That section limits such transmitters to a field-strength of 100 microvolts at a distance of three meters from the transmitting antenna.

8. Pursuant to 47 U.S.C. § 153(40), the terms "radio communication" or "communication by radio" mean "the transmission by radio of writing, signs, signals, pictures, and sounds of all kinds, including the instrumentalities, facilities, apparatus, and services (among other things, the receipt, forwarding, and delivery of communications) incidental to such transmission."

9. Pursuant to 47 U.S.C. § 303(n), the FCC has the authority to inspect all radio installations associated with stations required to be licensed to ascertain whether, in operation, they conform to the requirements of the rules and regulations of the FCC.

10. Pursuant to 47 U.S.C. § 503(b), any person whom the FCC determines to have willfully or repeatedly failed to comply with the provisions of Chapter 5, Title 47 of the United States Code (including 47 U.S.C. §§ 301, 303(n)) or of any rule, regulation, or order issued by the FCC shall be liable to the United States for a forfeiture penalty.

11. Section 312(f)(1) of the Act, which applies to violations for which forfeitures are assessed under section 503(b), provides that "[t]he term 'willful,' when used with reference to

3

the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this Act or any rule or regulation of the Commission authorized by this Act." 47 U.S.C. § 312(f)(1). Section 312(f)(2) of the Act, which also applies to violations for which forfeitures are assessed under section 503(b), provides that "[t]he term 'repeated,' when used with reference to the commission or omission of any act, means the commission or omission of such act more than once, or, if such commission or omission is continuous, for more than one day." 47 U.S.C. § 312(f)(2).

12. Pursuant to 47 U.S.C. § 510, any electronic, electromagnetic, radio frequency, or similar device or component thereof used with willful and knowing intent to violate 47 U.S.C. § 301 may be seized and forfeited to the United States of America.

## FACTS

13. On April 14, 2011, Vishal Patel, an Electronics Engineer/Agent in the Atlanta, Georgia office of the FCC's Enforcement Bureau, and FCC senior agent Eric Rice drove an FCC mobile-direction-finding vehicle to the Cosby, Tennessee area to investigate reported unlicensed radio activity. Patel and Rice heard a radio signal transmitting on 87.9 MHz over the vehicle's FM radio. Using the vehicle's radio-direction-finding equipment, Patel determined that the source of the signal was an antenna located on an antenna tower approximately 50 feet tall. The antenna tower was the only one in the vicinity. Patel has determined through Sevier County property records available on the official website of the State of Tennessee's Comptroller of the Treasury for Real Estate Assessment Data (www.assessment.state.tn.us) that Arthur Lee Young owns six parcels in the vicinity of 4923 East Parkway, Cosby, Tennessee, including the parcel on which the antenna is located. Declaration of Vishal Patel ("Patel Decl.") (attached hereto as

4

Exhibit 1) ¶ 8 and Exhibits 1 through 5 attached thereto.

14. Immediately after locating the source of the signal, Patel took a field-strength measurement of the station's signal at a distance of 3,696 feet from the source of the transmissions. These measurements indicated that the station's field-strength extrapolated to three meters was 17,792,904 µV/m, which is 177,929 times the permissible non-licensed level. Because of the strength of the transmission, a license is required for operation of the station. *Id.* ¶ 9.

15. No license had been issued for the operation of an FM broadcast station at 4923 East Parkway, Cosby, Tennessee. Thus, the station was operating in violation of 47 U.S.C. § 301. *Id.*

16. Still on April 14, 2011, Rice and Patel conducted an inspection of the radio station in the presence of the owner, Arthur Lee Young. Mr. Young admitted operating on 87.9 MHz and voluntarily relinquished his radio transmitting equipment. Mr. Young signed and dated a "Voluntarily Relinquished Illegal Radio Equipment" form stating that he owned the transmitting equipment and freely transferred title to such equipment to the FCC. Mr. Young instructed Rice and Patel to use his residential mailing address of 4927 East Parkway for his unlicensed radio station on the "Voluntarily Relinquished Illegal Radio Equipment" form. *Id.* ¶ 10.

17. On April 19, 2011, the Atlanta Office of the FCC issued Mr. Young a written warning concerning the operation of unlicensed radio stations. The written warning advised Mr. Young that operation of the unlicensed radio station at 4927 East Parkway, Cosby, Tennessee, violated 47 U.S.C. § 301; outlined the potential penalties for operating an unlicensed station in violation of 47 U.S.C. § 301, including seizure of the equipment, fines, and imprisonment; and

5

directed the operators of the station to terminate operation of the unlicensed station immediately. Mr. Young acknowledged receipt of the written warning and alleged that the FCC illegally seized his transmitter on April 14, 2011. *Id.* ¶ 11.

18. On February 29, 2012, after receiving information of another unlicensed radio operation in Cosby, Tennessee, Patel drove an FCC mobile-direction-finding vehicle to the Cosby, Tennessee area to determine if unlicensed radio activity was continuing. Patel heard a radio signal transmitting on 87.9 MHz over the vehicle's FM radio. Using the vehicle's radio-direction-finding equipment, Patel determined that the source of the signal was the same location determined to be the source of the unlicensed transmissions observed on April 14, 2011, the antenna located at 4923 East Parkway, Cosby, Tennessee, owned by Mr. Young. *Id.* ¶ 12.

19. Immediately after locating the source of the signal on February 29, 2012, Patel took a field-strength measurement of the station's signal at a distance of 3,696 feet from the source of the transmissions. These measurements indicated that the station's field-strength extrapolated to three meters was 1,501,786 µV/m, which is 15,017 times the permissible non-licensed level. *Id.* ¶ 13.

20. No license had been issued for the operation of an FM broadcast station at 4923 East Parkway, Cosby, Tennessee. Thus, the station was operating in violation of 47 U.S.C. § 301. *Id.*

21. Still on February 29, 2012, Patel asked Mr. Young for permission to inspect his unlicensed radio station, and Mr. Young refused. *Id.*

22. On March 27, 2012, a Notice of Apparent Liability for Forfeiture ("NAL") in the amount of $22,000 was issued by the FCC's Enforcement Bureau to Mr. Young for operation of

6

the unlicensed station and refusing to allow an inspection of that station. (A true and correct copy of the NAL is attached as Exhibit 6 to the Patel Decl.) Mr. Young refused the copy of the NAL mailed regular mail, and the certified copy was returned as unclaimed to the FCC's Atlanta office. *Id.* ¶ 14.

23. Mr. Young having failed to respond to the NAL, on June 8, 2012, the FCC's Enforcement Bureau issued Mr. Young a Forfeiture Order in the amount of $22,000 for his willful and repeated violations of Section 301 of the Act, 47 U.S.C. § 301, by operating an unlicensed radio station and for his willful violation of Section 303(n) of the Act, 47 U.S.C. § 303(n), by refusing an inspection of the radio station. *Id.* A copy of the Forfeiture Order is attached to the Patel Decl. as Exhibit 7. The Forfeiture Order was mailed to Defendant Young's post office box and physical address by regular and certified mail. The certified mail was returned as unclaimed to the FCC's Atlanta office. Patel Decl. ¶ 14.

24. In or about the summer of 2012, Patel spoke by telephone with Mr. Charles David Wolff, Jr., the record owner of parcel number 4 with the address of 4927 East Parkway, and Mr. Wolff informed Patel that Defendant Young rents parcel number 4 from Mr. Wolff and that Defendant Young resides on parcel number 4 at 4927 East Parkway. *Id.* ¶ 15.

25. On December 3, 2013, Patel heard a radio signal on 87.9 MHz over the FCC mobile-direction-finding vehicle's FM radio while he was in Knoxville, Tennessee, approximately 20 air-miles away from Cosby, Tennessee. The voice Patel heard sounded like the voice heard April 14, 2011, and February 29, 2012. *Id.* ¶ 16.

26. On December 16, 2013, Patel and Rice again drove a FCC mobile-direction-finding vehicle to the Cosby, Tennessee area as part of the continuing investigation. Patel heard

a radio signal transmitting on 87.9 MHz over the vehicle's FM radio. Using the vehicle's radio-direction-finding equipment, Patel determined that the source of the signal was the same location determined to be the source of the unlicensed transmissions observed on April 14, 2011, and February 29, 2012, the antenna located at 4923 East Parkway, Cosby, Tennessee. *Id.* ¶ 17.

27. Immediately after locating the source of the signal, Patel took a field-strength measurement of the station's signal at a distance of 3,169 feet from the source of the transmissions. These measurements indicated that the station's field-strength extrapolated to three meters was 1,509,053 µV/m, which is 15,090 times the permissible non-licensed level. *Id.* ¶ 18.

28. No license had been issued for the operation of an FM broadcast station at 4923 (or 4927) East Parkway, Cosby, Tennessee. Thus, the station was operating in violation of 47 U.S.C. § 301. *Id.*

## FIRST CLAIM FOR RELIEF – *IN REM* FORFEITURE

29. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 28.

30. The Defendant Radio Station Equipment was used, and continues to be used, for illegal, unlicensed radio broadcast in violation of 47 U.S.C. § 301.

31. By reason of the foregoing, the Defendant Radio Station Equipment was, and continues to be, used and possessed with willful and knowing intent to violate 47 U.S.C. § 301, and is therefore subject to forfeiture to the United States under the provisions of 47 U.S.C. § 510.

## **SECOND CLAIM FOR RELIEF – MONETARY FORFEITURE**

32. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 28.

33. The Forfeiture Order provided that if Defendant Young did not pay the $22,000 penalty within thirty (30) days, the case could be referred to the Department of Justice for enforcement.

34. On or about February 12, 2013, the FCC sent Defendant Young a letter demanding full payment of the penalty within thirty days. The letter warned that if payment was not made within the time specified, the matter would be referred to the Department of Justice for enforcement. A copy of the February 12, 2013 letter is attached hereto as Exhibit 2.

35. Despite due demand, Defendant Young has not paid the forfeiture amount.

36. Mr. Young having failed to pay the forfeiture amount, on April 11, 2013, a Certificate of Forfeiture was issued by the FCC. The Certificate of Forfeiture is attached hereto as Exhibit 3.

37. Defendant Young has repeatedly and willfully violated Section 301 of the Act, 47 U.S.C. § 301, and rules and regulations promulgated thereunder, by unlawfully operating an unlicensed radio station.

38. Defendant Young has willfully violated Section 303(n) of the Act, 47 U.S.C. § 303(n), by unlawfully refusing the FCC to inspect the radio station at his residence.

39. By reason of the foregoing, Defendant Young is liable to the United States for a forfeiture penalty pursuant to 47 U.S.C. § 503(b); section 1.80 of the FCC's Rules, 47 C.F.R. § 1.80; and the FCC's *Forfeiture Policy Statement and Amendment of Section 1.80 of the Rules to*

9

*Incorporate the Forfeiture Guidelines*, 12 FCC Rcd 17087 (1997), *recon. denied*, 15 FCC Rcd 303 (1999).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff United States of America requests the following:

1. That this Court issue a warrant for the arrest of the Defendant Radio Station Equipment and that the Defendant Radio Station Equipment be forfeited and condemned to the use of the United States;

2. Entry of a judgment against Defendant Young in the amount of $22,000.00, plus interest from the date of judgment at the legal rate in effect on the date of judgment, pursuant to 28 U.S.C. § 1961, and costs and disbursements incurred by the United States; and

3. Such other and further relief that the Court may deem just and proper.

Respectfully submitted,

WILLIAM C. KILLIAN
United States Attorney

s/Suzanne H. Bauknight
SUZANNE H. BAUKNIGHT
BPR #019293
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, TN 37902
(865) 545-4167
Suzanne.Bauknight@usdoj.gov