UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ANY AND ALL RADIO STATION EQUIPMENT,<br>RADIO FREQUENCY POWER AMPLIFIERS,<br>RADIO FREQUENCY TEST EQUIPMENT,<br>ANTENNAS, CONNECTING CABLES, AND ANY<br>OTHER EQUIPMENT ASSOCIATED WITH OR<br>USED IN CONNECTION WITH TRANSMISSIONS<br>ON FREQUENCY 87.9 MHz, LOCATED AT SEVIER<br>COUNTY PARCEL NUMBERS 111A D 004.00 AND<br>111A D 006.00 THROUGH 111A D 009.00,<br>COMMONLY KNOWN AS 4923 AND 4927<br>EAST PARKWAY, COSBY,<br>TENNESSEE; AND ARTHUR LEE YOUNG,<br><br>　　　　Defendants. | Case No. _____ |

## DECLARATION OF VISHAL PATEL

I, Vishal Patel, being first duly sworn, make the following statements based upon facts, personal information, knowledge, and belief, in accordance with 28 U.S.C. § 1746:

1.　　I am an Electronics Engineer/Agent in the Atlanta, Georgia, Field Office ("Atlanta Office") of the Enforcement Bureau of the Federal Communications Commission ("FCC"). I have held this position since 2008, and my duties and responsibilities include the investigation of violations of Communications Laws and Regulations. I have been continuously employed by the FCC in the same capacity since 2008. I am a graduate of the University of South Carolina, holding the degree of Masters of Engineering in Electrical Engineering granted in 2007.

2.　　I am experienced in all phases of FCC investigations involving radio frequency ("RF") transmitting devices. I have had formal training in the location and identification of such equipment. During the course of my employment with the FCC, I have conducted more than 100 investigations in which I have successfully located a similar number of fixed, mobile, and hand-held radio transmitting apparatuses by the use of mobile direction finding equipment and direction finding techniques. I am fully knowledgeable about the operation of mobile direction finding equipment and techniques. I have used a vehicle with such equipment hundreds of times to successfully locate the source of radio transmissions during the past 5 years. I am also familiar with the proper operation of FCC electronic measurement equipment used to determine

compliance with the FCC's rules and regulations.

3. The information contained in this affidavit is based upon my own investigation, as well as my review of the investigative reports and official correspondence.

4. I am making this affidavit in support of a complaint for forfeiture *in rem* against radio station transmission equipment used for the operation of an unlicensed FM radio station transmitting on the frequency of 87.9 MHz. The equipment is located at 4923 East Parkway, Cosby, Tennessee 37722.

5. The FCC, an independent federal regulatory agency created by Congress, regulates intrastate, interstate, and foreign radio communications pursuant to the Communications Act of 1934, as amended ("Act"), 47 U.S.C. § 151 *et seq*. One of the FCC's responsibilities is to ensure that persons do not transmit radio signals within the United States' territorial boundaries without an FCC license or other prior FCC authorization. *See* 47 U.S.C. § 301. The operation of radio transmitters that permit RF energy to be transmitted from one place in any state, territory, or possession of the United States to another place in the same state, territory, or possession, without a license issued by the FCC, violates 47 U.S.C. § 301, and the equipment used for such unlicensed operation may be subject to seizure under 47 U.S.C. § 510.

6. In this proceeding, the following general definitions common to communications regulation are used. These terms relate only to the technical or regulatory characteristics of radio signals and not to program content:

**RADIO STATION:** the apparatus used to generate, control, amplify, and transmit radio signals, which usually includes, among other items, audio sources, signal processing equipment, control devices, antenna, connecting cables, and a radio transmitter.

**FREQUENCY:** the "position" in the radio spectrum occupied by a specific radio signal. It is commonly measured in the FM portion of the band by the unit known as Megahertz ("MHz"). In this affidavit, the frequencies of the various radio signals are expressed by their "dial positions" in MHz.

**ELECTRONIC DIRECTION FINDING or RADIO DIRECTION FINDING:** a process of determining the origin of a particular radio signal by measuring its technical characteristics. The FCC uses proprietary equipment specifically designed and calibrated by the FCC for this function

**FCC MOBILE DIRECTION FINDING VEHICLE:** an FCC car equipped with radio receivers and other electronic equipment that enable the operator to track and locate the source of radio transmissions. When a radio signal is detected by the receiving equipment in the car, the equipment produces a visual display of the relative direction from which the signal is originating, and provides the relative strength of the signal received. As the car approaches the source of the signal, the visual display will continue to show the relative direction of the signal, and an increase in the strength of the signal will be indicated. Typically, the car is moved around the signal until the operator can determine the source of the transmissions.

**FIELD STRENGTH:** a measurement, expressed in units of microvolts per meter ("μV/m"), of a radio signal's intensity at a specific geographical point. A radio signal's field strength may be accurately determined through the proper use of a calibrated field intensity meter. The measured field strength for a non-licensed low-power radio transmitter operating in the radio frequency range of 30 - 88 MHz specified in 47 C.F.R. § 15.209 cannot exceed 100 μV/m at a distance of three meters from the source. Radio transmissions exceeding these limits must be individually licensed pursuant to 47 U.S.C. § 301. *See* 47 C.F.R. § 15.1(b).

**FIELD STRENGTH MEASUREMENT:** a process during which an FCC investigator calibrates a field intensity meter in accordance with the manufacturer's instructions on site, before taking any field strength measurements; makes measurements of the field strength of a station's signal; calculates the field strength of the signal, extrapolated to three meters; and compares the calculated value extrapolated to three meters to the permissible level for a non-licensed low-power radio transmitter.

**NON-LICENSED LOW-POWER RADIO TRANSMITTER:** a radio transmitter that meets the particular specifications of 47 C.F.R. § 15.209 (i.e., field strength not exceeding 100 μV/m at three meters). Under 47 U.S.C. § 301, all radio transmissions within the United States must be licensed by the FCC. In most instances, an individual license is issued to a specific person or entity operating a broadcast radio station. The FCC's rules, pursuant to 47 C.F.R. § 15.1, also permit *non-licensed* operation of certain very low power radio transmitters without issuance of an individual license so long as such operation adheres to the strict power requirements of 47 C.F.R. § 15.209. Such *non-licensed* operation is an authorized operation without an individual license. In contrast, an *unlicensed* operation is not authorized by either individual license or FCC rules, and is therefore a statutory violation of 47 U.S.C. § 301.

7.     Radio stations that transmit on a frequency between 30 and 88 MHz, must be licensed by the FCC (47 U.S.C. § 301). The only exception to this licensing requirement in this band is for certain non-licensed low-power radio transmitters operating at a power level that complies with 47 C.F.R. § 15.209. This section limits such transmitters operating on a frequency between 30-88 MHz to a field strength of 100 μV/m at a distance of three meters from the transmitting antenna.

8.     On April 14, 2011, FCC senior agent Eric Rice and I drove an FCC mobile direction finding vehicle to the Cosby, Tennessee area to investigate unlicensed radio activity. I heard a radio signal transmitting on 87.9 MHz over the vehicle's FM radio. Using the vehicle's radio direction finding equipment I determined that the source of this signal was an antenna located on an antenna tower approximately 50 feet tall. The antenna tower was the only one in the vicinity. Sevier County property records show that Arthur Lee Young owns six parcels in the vicinity of 4923 East Parkway, Cosby, Tennessee. A copy of the list of properties owned by Mr. Young in Sevier County as found on the Tennessee Comptroller's Real Estate Assessment Data website (www.assessment.state.tn.us) is attached as Exhibit 1. A copy of the GIS maps of the parcels owned by Mr. Young, as obtained from the Tennessee Comptroller's OIR-GIS Services links to the Real Estate Assessment Data website, is attached as Collective Exhibit 2. The

State's records also reflect Mr. Young's mailing address as 4927 East Parkway, Cosby, Tennessee (see Exhibit 3 attached hereto) although Mr. Young does not own that parcel (which is parcel number 111A D 004.00) (see Exhibit 4 attached hereto). I have reviewed the aerial photography obtained from the State's OIR-GIS Services through the Real Estate Assessment Data website (attached as Exhibit 5 hereto), and based upon my personal knowledge of the property from my April 2011 visit, I believe that the antenna tower and the building in which the transmission equipment was located at that time are on parcel number 6 because the tower and building were located South of the driveway between parcels 4 and 6. (Thus, the overlay of the parcel boundaries on the aerial photograph that is Exhibit 5 is slightly inaccurate because it shows the building at issue in the middle of the driveway between parcels 4 and 6.)

9.      Immediately after locating the source of the signal on April 14, 2011, I took a field strength measurement of the station's signal at a distance of 3,696 feet from the source of the transmissions. These measurements indicated that the station's field strength extrapolated to three meters was 17,792,904 µV/m, which is 177,929 times the permissible non-licensed level. Accordingly, a license is required for operation of this station. A search of the FCC's records showed that no license had been issued for the operation of an FM broadcast station at this location. Thus, this station was operating in violation of 47 U.S.C. § 301.

10.      Still on April 14, 2011, senior agent Eric Rice and I conducted an inspection of Mr. Young's radio station, which was housed in the unnumbered building located South of the driveway between parcels 4 and 6. Mr. Young admitted operating on 87.9 MHz and voluntarily relinquished his radio transmitting equipment. Mr. Young signed and dated a "Voluntarily Relinquished Illegal Radio Equipment" form stating that he owned the transmitting equipment and freely transferred title to such equipment to the FCC. Mr. Young instructed us to use his residential mailing address of 4927 East Parkway for his unlicensed radio station on the "Voluntarily Relinquished Illegal Radio Equipment" form. However, based on my review of Exhibit 5, I now believe the unnumbered building is located on 4923 East Parkway, Cosby, Tennessee.

11.      On April 19, 2011, the Atlanta Office issued Mr. Young a written warning concerning the operation of unlicensed radio stations. The written warning advised the recipient that operation of the unlicensed radio station at 4927 East Parkway, Cosby, Tennessee, violated 47 U.S.C. § 301; outlined the potential penalties for operating an unlicensed station in violation of 47 U.S.C. § 301, including seizure of the equipment, fines, and imprisonment; and directed the operators of the station to terminate operation of the unlicensed station immediately. Mr. Young acknowledged receipt of the written warning and alleged the FCC illegally seized his transmitter on April 14, 2011.

12.      On February 29, 2012, after receiving information of another unlicensed radio operation in Cosby, Tennessee, I drove an FCC mobile direction finding vehicle to the Cosby, Tennessee area to determine if unlicensed radio activity was continuing. I heard a radio signal transmitting on 87.9 MHz over the vehicle's FM radio. Using the vehicle's radio direction finding equipment I determined that the source of this signal was a radio antenna located at 4923 East Parkway, Cosby, Tennessee. This is the same location determined to be the source of the unlicensed transmissions observed on April 14, 2011.

13.     Immediately after locating the source of the signal, I took a field strength measurement of the station's signal at a distance of 3,696 feet from the source of the transmissions.  These measurements indicated that the station's field strength extrapolated to three meters was 1,501,786 µV/m, which is 15,017 times the permissible non-licensed level.  Accordingly, a license is required for operation of this station.  A search of the FCC's records showed that no license had been issued for the operation of an FM broadcast station at this location.  Thus, this station was operating in violation of 47 U.S.C. § 301.  Still on February 29, 2012, I asked Mr. Young for permission to inspect his unlicensed radio station, and he refused.

14.     On March 27, 2012, a Notice of Apparent Liability for Forfeiture ("NAL") in the amount of $22,000 was issued by the FCC's Enforcement Bureau to Mr. Young for operation of the unlicensed station and refusing to allow an inspection of that station.  A true and correct copy of the NAL is attached as Exhibit 6.  Mr. Young refused the copy of the NAL mailed regular mail, and the certified copy was returned to the Atlanta Office unclaimed.  On June 8, 2012, the FCC's Enforcement Bureau issued Mr. Young a Forfeiture Order in the amount of $22,000 for violating Section 301 of the Act and for his willful violation of Section 303(n) of the Act, 47 U.S.C. § 303(n), by refusing an inspection of the radio station.  A true and correct copy of the Forfeiture Order is attached as Exhibit 7.  The Forfeiture Order was mailed to Defendant Young's post office box and physical address by regular and certified mail. The certified mail was returned as unclaimed to the FCC's Atlanta office.

15.     In or about the summer of 2012, I spoke by telephone with Mr. Charles David Wolff, Jr., the owner of parcel number 4 with the address of 4927 East Parkway, and he informed me that Defendant Young rents parcel number 4 from Mr. Wolff and that Defendant Young resides on parcel number 4 at 4927 East Parkway.

16.     On December 3, 2013, I heard a radio signal on 87.9 MHz over the FCC mobile direction finding vehicle's FM radio while I was in Knoxville, Tennessee, approximately 20 air miles away from Cosby, Tennessee.  The voice I heard sounded like the voice heard April 14, 2011, and February 29, 2012.

17.     On December 16, 2013, FCC senior agent Eric Rice and I drove an FCC mobile direction finding vehicle to the Cosby, Tennessee area as part of this continuing investigation.  I heard a radio signal transmitting on 87.9 MHz over the vehicle's FM radio.  Using the vehicle's radio direction finding equipment I determined that the source of this signal was an antenna located at 4923 East Parkway, Cosby, Tennessee.  This is the same location determined to be the source of the unlicensed transmissions observed on April 14, 2011, and February 29, 2012.

18.     Immediately after locating the source of the signal, I took a field strength measurement of the station's signal at a distance of 3,169 feet from the source of the transmissions.  These measurements indicated that the station's field strength extrapolated to three meters was 1,509,053 µV/m, which is 15,090 times the permissible non-licensed level.  Accordingly, a license is required for operation of this station.  A search of the FCC's records showed that no license had been issued for the operation of an FM broadcast station at this location.  Thus, this station was operating in violation of 47 U.S.C. § 301.

19.     Unlicensed broadcasting threatens the integrity of the regulatory structure established in the Communications Act to prevent chaos in the radio spectrum.  The regulatory effectiveness of the FCC to carry out its statutory obligations to license stations and prevent interference would be impaired if the agency could not take meaningful action to stop unlicensed broadcasting.  I believe that exigent circumstances exist which warrant immediate seizure of all radio station equipment, including transmitting equipment, antennas, connecting cables, and associated devices, located at 4923 and 4927 East Parkway, Cosby, Tennessee 37722.  Agents will be able to identify the specific location of the transmitting equipment by tracing the coaxial cable from the antenna tower to the transmitter.  Despite a Notice of Apparent Liability for Forfeiture, the unlicensed station operating at this location continues to broadcast in violation of 47 U.S.C. § 301.  The equipment used in this type of operation is usually highly portable.  Any delay in entering the premises to execute the seizure could result in removal of the equipment to another location where it cannot be found or seized.

20.     I am available to testify in support of my statements and the actions described in this affidavit.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

1/31/14
_____
Date

_____
Vishal Patel
Electronics Engineer, Atlanta Office, Enforcement Bureau
Federal Communications Commission

State of Tennessee ✪ Comptroller of the Treasury

# Real Estate Assessment Data

Select the desired parcel for more information.

**County Number: 078      County Name: SEVIER      Tax Year: 2014**

Record Count: 6                                      Data Last Updated: 1/15/2014

|  | Owner | Property Address | Ctrl Map | Grp | Parcel | SI | Subdivision | Lot | Class | Sale Date | GIS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ○ | YOUNG ARTHUR LEE | PARKWAY E 4923 | 111A | D | 006.00 | 000 | WEBBS CREEK S/D | 10 | RES | 07/10/1985 | MAP |
| ○ | YOUNG ARTHUR LEE | PARKWAY E | 111A | D | 007.00 | 000 | WEBBS CRK S/D #1 REV | 8 | RES | 07/10/1985 | MAP |
| ○ | YOUNG ARTHUR LEE | PARKWAY E | 111A | D | 008.00 | 000 | WEBBS CRK #1 REV | 0005 | RES | 07/10/1985 | MAP |
| ○ | YOUNG ARTHUR LEE | PARKWAY E 4917 | 111A | D | 009.00 | 000 | WEBB CRK SEC #1 | 4 | RES | 07/10/1985 | MAP |
| ○ | YOUNG ARTHUR LEE | ELWYN DR | 111A | D | 015.00 | 000 | WEBBS CRK #1 REV | 6 | RES | 07/10/1985 | MAP |
| ◉ | YOUNG ARTHUR LEE | ELWYN DR | 111A | D | 016.00 | 000 | WEBBS CRK #1 | 7 | RES | 07/10/1985 | MAP |

| **New Search** | **Glossary of Terms** | **How to Search** | **Fact Sheet** |
|---|---|---|---|
| Real Estate Assessment Data Home Page | Division of Property Assessments Home Page | Comptroller of the Treasury Home Page | State of Tennessee Home Page |

*Patel Decl. Ex. 1*

**4923 East Parkway**



Patel Decl. Ex. 2

**4917 East Parkway**



**Unnumbered address  Parcel 111A D 007.00**



**Unnumbered address  Parcel 111A D 008.00**



**Unnumbered address on Elwyn Drive - Parcel 111A D 015.00**



**Unnumbered address on Elwyn Drive - Parcel 111A D 015.00**



State of Tennessee ✪ Comptroller of the Treasury

# Real Estate Assessment Data

**County Number: 078**          **County Name: SEVIER**          **Tax Year: 2014**

## Property Owner and Mailing Address

**Jan 1 Owner:**
YOUNG ARTHUR LEE
4927 EAST PARKWAY
GATLINBURG , TN 37738

## Property Location

**Address:** PARKWAY E 4923

**Map:** 111A   **Grp:** D   **Ctrl Map:** 111A   **Parcel:** 006.00   **PI:**   **S/I:** 000

## Value Information

**Reappraisal Year:**        2011

| | |
|---|---|
| **Land Mkt Value:** | $18,100 |
| **Improvement Value:** | $2,800 |
| **Total Market Appraisal:** | $20,900 |
| **Assessment %:** | 25 |
| **Assessment:** | $5,225 |

## General Information

| | | | |
|---|---|---|---|
| **Class:** | 00 - RESIDENTIAL | | |
| **City #:** | 000 | **City:** | |
| **SSD1:** | 000 | **SSD2:** | 000 |
| **District:** | 17 | **Mkt Area:** | L01 |
| **# Bldgs:** | 0 | **# Mobile Homes:** | 0 |
| **Utilities - Water:** | 3 - INDIVIDUAL | **Utilities - Sewer:** | 3 - INDIVIDUAL |
| **Utilities - Elec:** | 1 - PUBLIC | **Utilities - Gas:** | 0 - NONE |
| **Utilities - Gas Type:** | | **Zoning:** | R-1 |

## Subdivision Data

*Patel Decl. Ex. 3*

**Subdivision:**   WEBBS CREEK S/D

**Plat Bk:**   11    **Plat Pg:**   53    **Block:**        **Lot:**   10

## Extra Features

| Bldg/Card# | Type | Description | Units |
|---|---|---|---|
| 001 | MH2 | 12X56 | 672 |
| 001 | OPU | 6X8 | 48 |
| 001 | MH ROOF | | 1 |

## Sale Information

| Sale Date | Price | Deed Book | Page | Vac/Imp | Type Instrument | Qualification |
|---|---|---|---|---|---|---|
| 07/10/1985 | $0 | 352 | 123 | | | |
| 01/09/1981 | $0 | 300 | 223 | | | |
| 00/00/1900 | $0 | 219 | 292 | | | |

## Land Information

| Deed Acres: | 0.00 | Calc Acres: | 0.00 | Total Land Units: | 1.00 |
|---|---|---|---|---|---|
| Land Type: | 01 - RESIDENTIAL | Soil Class: | | Units: | 1.00 |

### View GIS Map for this Parcel

| New Search | Glossary of Terms | How to Search | Fact Sheet |
|---|---|---|---|
| Real Estate Assessment Data Home Page | Division of Property Assessments Home Page | Comptroller of the Treasury Home Page | State of Tennessee Home Page |



State of Tennessee ☢ Comptroller of the Treasury
# Real Estate Assessment Data

**County Number: 078**      **County Name: SEVIER**      **Tax Year: 2014**

## Property Owner and Mailing Address

**Jan 1 Owner:**
YOUNG ARTHUR LEE
4927 EAST PARKWAY
GATLINBURG , TN 37738

## Property Location

**Address:** PARKWAY E 4917

**Map:** 111A   **Grp:** D   **Ctrl Map:** 111A   **Parcel:** 009.00   **PI:**   **S/I:** 000

## Value Information

**Reappraisal Year:**        2011

**Land Mkt Value:**          $18,100
**Improvement Value:**       $0
**Total Market Appraisal:** $18,100
**Assessment %:**            25
**Assessment:**              $4,525

## General Information

| | | | |
|---|---|---|---|
| **Class:** | 00 - RESIDENTIAL | | |
| **City #:** | 000 | **City:** | |
| **SSD1:** | 000 | **SSD2:** | 000 |
| **District:** | 17 | **Mkt Area:** | L01 |
| **# Bldgs:** | 0 | **# Mobile Homes:** | 0 |
| **Utilities - Water:** | 3 - INDIVIDUAL | **Utilities - Sewer:** | 3 - INDIVIDUAL |
| **Utilities - Elec:** | 1 - PUBLIC | **Utilities - Gas:** | 0 - NONE |
| **Utilities - Gas Type:** | | **Zoning:** | R-1 |

## Subdivision Data

**Subdivision:** WEBB CRK SEC #1

**Plat Bk:** 11  **Plat Pg:** 53  **Block:**  **Lot:** 4

## Sale Information

| Sale Date | Price | Deed Book | Page | Vac/Imp | Type Instrument | Qualification |
|---|---|---|---|---|---|---|
| 07/10/1985 | $0 | 352 | 123 | | | |
| 01/09/1981 | $0 | 300 | 223 | | | |
| 08/04/1980 | $0 | 296 | 285 | | | |

## Land Information

| Deed Acres: | 0.00 | Calc Acres: | 0.00 | Total Land Units: | 1.00 |
|---|---|---|---|---|---|
| Land Type: | 01 - RESIDENTIAL | Soil Class: | | Units: | 1.00 |

### View GIS Map for this Parcel

| New Search | Glossary of Terms | How to Search | Fact Sheet |
|---|---|---|---|
| Real Estate Assessment Data Home Page | Division of Property Assessments Home Page | Comptroller of the Treasury Home Page | State of Tennessee Home Page |



State of Tennessee ● Comptroller of the Treasury
# Real Estate Assessment Data

**County Number: 078**     **County Name: SEVIER**     **Tax Year: 2014**

## Property Owner and Mailing Address

**Jan 1 Owner:**
YOUNG ARTHUR LEE
4927 EAST PARKWAY
GATLINBURG , TN 37738

## Property Location

**Address:** PARKWAY E

**Map:** 111A   **Grp:** D   **Ctrl Map:** 111A   **Parcel:** 007.00   **PI:**   **S/I:** 000

## Value Information

**Reappraisal Year:**        2011

**Land Mkt Value:**          $9,000
**Improvement Value:**       $0
**Total Market Appraisal:**  $9,000
**Assessment %:**            25
**Assessment:**              $2,250

## General Information

| | | | |
|---|---|---|---|
| **Class:** | 00 - RESIDENTIAL | | |
| **City #:** | 000 | **City:** | |
| **SSD1:** | 000 | **SSD2:** | 000 |
| **District:** | 17 | **Mkt Area:** | L01 |
| **# Bldgs:** | 0 | **# Mobile Homes:** | 0 |
| **Utilities - Water:** | 3 - INDIVIDUAL | **Utilities - Sewer:** | 3 - INDIVIDUAL |
| **Utilities - Elec:** | 1 - PUBLIC | **Utilities - Gas:** | 0 - NONE |
| **Utilities - Gas Type:** | | **Zoning:** | R-1 |

## Subdivision Data

**Subdivision:** WEBBS CRK S/D #1 REV

**Plat Bk:** 11    **Plat Pg:** 53    **Block:**    **Lot:** 8

## Sale Information

| Sale Date | Price | Deed Book | Page | Vac/Imp | Type Instrument | Qualification |
|---|---|---|---|---|---|---|
| 07/10/1985 | $0 | 352 | 123 | | | |
| 01/09/1981 | $0 | 300 | 223 | | | |
| 07/27/1972 | $0 | 219 | 292 | | | |

## Land Information

**Deed Acres:** 0.00    **Calc Acres:** 0.00    **Total Land Units:** 1.00

**Land Type:** 01 - RESIDENTIAL    **Soil Class:**    **Units:** 1.00

### View GIS Map for this Parcel

New Search    Glossary of Terms    How to Search    Fact Sheet

Real Estate Assessment Data Home Page    Division of Property Assessments Home Page    Comptroller of the Treasury Home Page    State of Tennessee Home Page

### State of Tennessee ☢ Comptroller of the Treasury
# Real Estate Assessment Data

**County Number: 078**        **County Name: SEVIER**        **Tax Year: 2014**

## Property Owner and Mailing Address

**Jan 1 Owner:**
YOUNG ARTHUR LEE
4927 EAST PARKWAY
GATLINBURG , TN 37738

## Property Location

**Address:** PARKWAY E

**Map:** 111A   **Grp:** D   **Ctrl Map:** 111A   **Parcel:** 008.00   **PI:**   **S/I:** 000

## Value Information

**Reappraisal Year:**          2011

**Land Mkt Value:**          $12,000
**Improvement Value:**          $100
**Total Market Appraisal:** $12,100
**Assessment %:**          25
**Assessment:**          $3,025

## General Information

| | | | |
|---|---|---|---|
| **Class:** | 00 - RESIDENTIAL | | |
| **City #:** | 000 | **City:** | |
| **SSD1:** | 000 | **SSD2:** | 000 |
| **District:** | 17 | **Mkt Area:** | L01 |
| **# Bldgs:** | 0 | **# Mobile Homes:** | 0 |
| **Utilities - Water:** | 3 - INDIVIDUAL | **Utilities - Sewer:** | 3 - INDIVIDUAL |
| **Utilities - Elec:** | 1 - PUBLIC | **Utilities - Gas:** | 0 - NONE |
| **Utilities - Gas Type:** | | **Zoning:** | R-1 |

## Subdivision Data

**Subdivision:** WEBBS CRK #1 REV

**Plat Bk:** 0011   **Plat Pg:** 0053   **Block:**    **Lot:** 0005

## Extra Features

| Bldg/Card# | Type | Description | Units |
|---|---|---|---|
| 001 | SHED | | 1 |

## Sale Information

| Sale Date | Price | Deed Book | Page | Vac/Imp | Type Instrument | Qualification |
|---|---|---|---|---|---|---|
| 07/10/1985 | $0 | 352 | 123 | | | |
| 01/09/1981 | $0 | 300 | 223 | | | |

## Land Information

| Deed Acres: | 0.00 | Calc Acres: | 0.00 | Total Land Units: | 1.00 |
|---|---|---|---|---|---|
| Land Type: | 01 - RESIDENTIAL | Soil Class: | | Units: | 1.00 |

### View GIS Map for this Parcel

| New Search | Glossary of Terms | How to Search | Fact Sheet |
|---|---|---|---|
| Real Estate Assessment Data Home Page | Division of Property Assessments Home Page | Comptroller of the Treasury Home Page | State of Tennessee Home Page |



State of Tennessee 🏛 Comptroller of the Treasury

# Real Estate Assessment Data

**County Number: 078**    **County Name: SEVIER**    **Tax Year: 2014**

## Property Owner and Mailing Address

**Jan 1 Owner:**
YOUNG ARTHUR LEE
4927 EAST PARKWAY
GATLINBURG , TN 37738

## Property Location

**Address:** ELWYN DR

**Map:** 111A   **Grp:** D   **Ctrl Map:** 111A   **Parcel:** 015.00   **PI:**   **S/I:** 000

## Value Information

| | |
|---|---|
| **Reappraisal Year:** | 2011 |
| **Land Mkt Value:** | $7,500 |
| **Improvement Value:** | $0 |
| **Total Market Appraisal:** | $7,500 |
| **Assessment %:** | 25 |
| **Assessment:** | $1,875 |

## General Information

| | | | |
|---|---|---|---|
| **Class:** | 00 - RESIDENTIAL | | |
| **City #:** | 000 | **City:** | |
| **SSD1:** | 000 | **SSD2:** | 000 |
| **District:** | 17 | **Mkt Area:** | L01 |
| **# Bldgs:** | 0 | **# Mobile Homes:** | 0 |
| **Utilities - Water:** | 3 - INDIVIDUAL | **Utilities - Sewer:** | 3 - INDIVIDUAL |
| **Utilities - Elec:** | 1 - PUBLIC | **Utilities - Gas:** | 0 - NONE |
| **Utilities - Gas Type:** | | **Zoning:** | R-1 |

## Subdivision Data

**Subdivision:** WEBBS CRK #1 REV

**Plat Bk:** 11   **Plat Pg:** 53   **Block:**    **Lot:** 6

## Sale Information

| Sale Date | Price | Deed Book | Page | Vac/Imp | Type Instrument | Qualification |
|-----------|-------|-----------|------|---------|-----------------|---------------|
| 07/10/1985 | $0 | 352 | 123 | | | |
| 01/09/1981 | $0 | 300 | 223 | | | |
| 07/27/1972 | $0 | 219 | 292 | | | |

## Land Information

| Deed Acres: | 0.00 | Calc Acres: | 0.00 | Total Land Units: | 1.00 |
|-------------|------|-------------|------|-------------------|------|
| Land Type: | 01 - RESIDENTIAL | Soil Class: | | Units: | 1.00 |

### View GIS Map for this Parcel

| New Search | Glossary of Terms | How to Search | Fact Sheet |
|------------|-------------------|---------------|------------|
| Real Estate Assessment Data Home Page | Division of Property Assessments Home Page | Comptroller of the Treasury Home Page | State of Tennessee Home Page |



State of Tennessee · Comptroller of the Treasury

# Real Estate Assessment Data

**County Number: 078**　　　**County Name: SEVIER**　　　**Tax Year: 2014**

## Property Owner and Mailing Address

**Jan 1 Owner:**
YOUNG ARTHUR LEE
4927 EAST PARKWAY
GATLINBURG , TN 37738

## Property Location

**Address:** ELWYN DR

**Map:** 111A　**Grp:** D　**Ctrl Map:** 111A　**Parcel:** 016.00　**PI:**　**S/I:** 000

## Value Information

**Reappraisal Year:**　　　2011

**Land Mkt Value:**　$7,500
**Improvement Value:**　$0
**Total Market Appraisal:** $7,500
**Assessment %:**　25
**Assessment:**　$1,875

## General Information

| | | | |
|---|---|---|---|
| **Class:** | 00 - RESIDENTIAL | | |
| **City #:** | 000 | **City:** | |
| **SSD1:** | 000 | **SSD2:** | 000 |
| **District:** | 17 | **Mkt Area:** | L01 |
| **# Bldgs:** | 0 | **# Mobile Homes:** | 0 |
| **Utilities - Water:** | 3 - INDIVIDUAL | **Utilities - Sewer:** | 3 - INDIVIDUAL |
| **Utilities - Elec:** | 1 - PUBLIC | **Utilities - Gas:** | 0 - NONE |
| **Utilities - Gas Type:** | | **Zoning:** | R-1 |

## Subdivision Data

**Subdivision:** WEBBS CRK #1

**Plat Bk:** 11    **Plat Pg:** 53    **Block:**    **Lot:** 7

## Sale Information

| Sale Date | Price | Deed Book | Page | Vac/Imp | Type Instrument | Qualification |
|---|---|---|---|---|---|---|
| 07/10/1985 | $0 | 352 | 123 | | | |
| 01/09/1981 | $0 | 300 | 223 | | | |
| 07/27/1972 | $0 | 219 | 292 | | | |

## Land Information

| | | | | | |
|---|---|---|---|---|---|
| **Deed Acres:** | 0.00 | **Calc Acres:** | 0.00 | **Total Land Units:** | 1.00 |
| **Land Type:** | 01 - RESIDENTIAL | **Soil Class:** | | **Units:** | 1.00 |

### View GIS Map for this Parcel

| New Search | Glossary of Terms | How to Search | Fact Sheet |
|---|---|---|---|
| Real Estate Assessment Data Home Page | Division of Property Assessments Home Page | Comptroller of the Treasury Home Page | State of Tennessee Home Page |

State of Tennessee ✪ Comptroller of the Treasury

# Real Estate Assessment Data

**County Number: 078**          **County Name: SEVIER**          **Tax Year: 2014**

## Property Owner and Mailing Address

**Jan 1 Owner:**
WOLFF CHARLES DAVID JR
219 ROCKY FLATTS RD
COSBY , TN 37722

## Property Location

**Address:** PARKWAY E 4927

**Map:** 111A   **Grp:** D   **Ctrl Map:** 111A   **Parcel:** 004.00   **PI:**   **S/I:** 000

## Value Information

**Reappraisal Year:**          2011

**Land Mkt Value:**          $12,000
**Improvement Value:**          $12,500
**Total Market Appraisal:** $24,500
**Assessment %:**          25
**Assessment:**          $6,125

## General Information

| | | | |
|---|---|---|---|
| **Class:** | 00 - RESIDENTIAL | | |
| **City #:** | 000 | **City:** | |
| **SSD1:** | 000 | **SSD2:** | 000 |
| **District:** | 17 | **Mkt Area:** | L01 |
| **# Bldgs:** | 1 | **# Mobile Homes:** | 0 |
| **Utilities - Water:** | 3 - INDIVIDUAL | **Utilities - Sewer:** | 3 - INDIVIDUAL |
| **Utilities - Elec:** | 1 - PUBLIC | **Utilities - Gas:** | 0 - NONE |
| **Utilities - Gas Type:** | | **Zoning:** | R-1 |

## Subdivision Data

*Patel Decl. Ex.4*

**Subdivision:**   WEBBS CRK S/D #1 REV

**Plat Bk:**  11    **Plat Pg:**  53    **Block:**        **Lot:**  9

## Building Information

### Building #  001

| | | | |
|---|---|---|---|
| **Improvement Type:** | 01 - SINGLE FAMILY | **Stories:** | 1 |
| **Base Area Sq. Ft.:** | 1,308 | **Aux Base Sq. Ft.:** | 144 |
| **Foundation:** | 02 - CONTINUOUS FOOTING | **Floor System:** | 03 - WOOD W/O SUB FLOOR |
| **Exterior Wall:** | 02 - SIDING MINIMUM | **Structural Frame:** | 00 - NONE |
| **Roof Framing:** | 02 - GABLE/HIP | **Roof Cover/Deck:** | 00 - CORRUGATED METAL |
| **Cabinet/Millwork:** | 01 - MINIMUM | **Floor Finish:** | 08 - PINE/SOFT WOOD |
| **Interior Finish:** | 04 - WOOD WALLS | **Paint/Decor:** | 01 - MINIMUM |
| **Heat and A/C:** | 00 - NONE | **Plumbing Fixtures:** | 6 |
| **Bath Tile:** | 00 - NONE | **Electrical:** | 03 - AVERAGE |
| **Shape:** | 01 - RECTANGULAR DESIGN | **Quality:** | 00 - BELOW AVERAGE |
| **Act Yr Built:** | 1981 | **Condition:** | 1 - NEEDS MINOR REPAIRS |

**Building Areas:**

| **Area:** | BAS | **Sq Ft:** | 1,308 |
|---|---|---|---|
| **Area:** | EPU | **Sq Ft:** | 144 |

## Extra Features

| Bldg/Card# | Type | Description | Units |
|---|---|---|---|
| 001 | SHED | | 1 |
| 001 | R GR HSE | | 1 |

## Sale Information

| Sale Date | Price | Deed Book | Page | Vac/Imp | Type Instrument | Qualification |
|---|---|---|---|---|---|---|
| 07/07/2010 | $0 | 3568 | 151 | | | |
| 06/24/2010 | $9,500 | 3568 | 151 | VACANT | WI | D |

| | | | |
|---|---|---|---|
| 06/30/2009 | $0 | 3371 | 466 |
| 07/10/1985 | $0 | 352 | 123 |
| 01/09/1981 | $0 | 300 | 223 |
| 07/27/1973 | $0 | 219 | 292 |

## Land Information

| | | |
|---|---|---|
| **Deed Acres:** 0.00 | **Calc Acres:** 0.00 | **Total Land Units:** 1.00 |
| **Land Type:** 01 - RESIDENTIAL | **Soil Class:** | **Units:** 1.00 |

### View GIS Map for this Parcel

| New Search | Glossary of Terms | How to Search | Fact Sheet |
|---|---|---|---|
| Real Estate Assessment Data Home Page | Division of Property Assessments Home Page | Comptroller of the Treasury Home Page | State of Tennessee Home Page |



Patel Decl. Ex. 5

**Before the**
**Federal Communications Commission**
**Washington, D.C. 20554**

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| Arthur Lee Young | ) | File No.: EB-FIELDSCR-12-00001026 |
| | ) | NAL/Acct. No.: 201232480003 |
| Cosby, TN | ) | FRN: 0021636261 |
| | ) | |

## NOTICE OF APPARENT LIABILITY FOR FORFEITURE

**Adopted:** March 27, 2012                                         **Released:** March 27, 2012

By the District Director, Atlanta Office, South Central Region, Enforcement Bureau:

### I.        INTRODUCTION

1.        In this Notice of Apparent Liability for Forfeiture (NAL), we find that Arthur Lee Young apparently willfully and repeatedly violated Section 301 of the Communications Act of 1934, as amended (Act), and apparently willfully violated Section 303(n) of the Act,[1] by operating an unlicensed radio transmitter on the frequency 87.9 MHz and refusing to allow an inspection of his radio station. We conclude that Mr. Young is apparently liable for a forfeiture in the amount of twenty-two thousand dollars ($22,000).

### II.       BACKGROUND

2.        On April 14, 2011, agents from the Enforcement Bureau's Atlanta Office (Atlanta Office) used direction-finding techniques to locate the source of radio frequency transmissions on the frequency 87.9 MHz to Mr. Young's residence in Cosby, Tennessee. The agents determined that the signals on 87.9 MHz exceeded the limits for operation under Part 15 of the Commission's rules (Rules),[2] and therefore required a license. Commission records showed no authorization issued to Mr. Young or to anyone for operation of a broadcast station at or near this address. During an inspection of the radio station, Mr. Young admitted that he owned the radio equipment transmitting on 87.9 MHz and voluntarily relinquished it.[3] Thereafter, the Atlanta Office sent Mr. Young a letter, informing him that his operation of an unlicensed broadcast station was in violation of the Act and that such operations must cease immediately.[4]

3.        On February 29, 2012, an agent from the Atlanta Office again used direction-finding techniques to locate the source of radio frequency transmissions on the frequency 87.9 MHz to Mr. Young's residence. The agent determined that the signals on 87.9 MHz exceeded the limits for operation under Part

---

[1] 47 U.S.C. §§ 301, 303(n).

[2] Part 15 of the Rules sets out the conditions and technical requirements under which certain radio transmission devices may be used without a license. In relevant part, Section 15.209 of the Rules provides that non-licensed broadcasting in the 30-88 MHz band is permitted only if the field strength of the transmission does not exceed 100 μV/m at three meters. 47 C.F.R. § 15.209.

[3] In addition, our records show that, in 2004, we informed Mr. Young that his unlicensed broadcast operation was in violation of the Act and, thereby, ordered him to cease the unauthorized operation. *See Arthur Young*, Notice of Unlicensed Radio Operation, issued October 13, 2004 (on file in EB-04-AT-148).

[4] *Arthur Young*, Warning of Unlicensed Operation, issued April 19, 2011 (on file in EB-11-AT-0032).

Patel Decl. Ex. 6

15 of the Rules,[5] and therefore required a license. Commission records still showed no authorization issued to Mr. Young or to anyone for operation of a broadcast station at or near this address. On February 29, 2012, Mr. Young and his wife met with the agent outside of his residence, but refused to speak to the agent. Mr. Young's wife, however, acknowledged that Mr. Young was operating an unlicensed radio station from their residence. The agent asked to inspect the station, but Mr. Young said "no" and walked away. The agent informed Mr. Young that refusing to allow an inspection is a separate violation of the applicable law.

## III.    DISCUSSION

4.      Section 503(b) of the Act provides that any person who willfully or repeatedly fails to comply substantially with the terms and conditions of any license, or willfully or repeatedly fails to comply with any of the provisions of the Act or of any rule, regulation, or order issued by the Commission thereunder, shall be liable for a forfeiture penalty.[6] Section 312(f)(1) of the Act defines "willful" as the "conscious and deliberate commission or omission of [any] act, irrespective of any intent to violate" the law.[7] The legislative history to Section 312(f)(1) of the Act clarifies that this definition of willful applies to both Sections 312 and 503(b) of the Act,[8] and the Commission has so interpreted the term in the Section 503(b) context.[9] The Commission may also assess a forfeiture for violations that are merely repeated, and not willful.[10] The term "repeated" means the commission or omission of such act more than once or for more than one day.[11]

### A.    Unlicensed Operations

5.      Section 301 of the Act states that no person shall use or operate any apparatus for the transmission of energy or communications or signals by radio within the United States, except under and in accordance with the Act and with a license granted under the provisions of the Act.[12] On April 14, 2011, and February 29, 2012, Mr. Young operated an unlicensed radio station on the frequency 87.9 MHz from his residence. Mr. Young admitted owning and operating the unlicensed radio station on April 14, 2011, and Mr. Young's wife told the agent that he was operating the unlicensed radio station on February 29, 2012. A review of the Commission's records revealed that Mr. Young did not have a license to operate a

---

[5] *See supra* note 2.

[6] 47 U.S.C. § 503(b).

[7] 47 U.S.C. § 312(f)(1).

[8] H.R. Rep. No. 97-765, 97th Cong. 2d Sess. 51 (1982) ("This provision [inserted in Section 312] defines the terms 'willful' and 'repeated' for purposes of section 312, and for any other relevant section of the act (e.g., Section 503) . . . . As defined[,] . . . 'willful' means that the licensee knew that he was doing the act in question, regardless of whether there was an intent to violate the law. 'Repeated' means more than once, or where the act is continuous, for more than one day. Whether an act is considered to be 'continuous' would depend upon the circumstances in each case. The definitions are intended primarily to clarify the language in Sections 312 and 503, and are consistent with the Commission's application of those terms . . . .").

[9] *See, e.g., Application for Review of Southern California Broadcasting Co.*, Memorandum Opinion and Order, 6 FCC Rcd 4387, 4388 (1991), *recons. denied*, 7 FCC Rcd 3454 (1992).

[10] *See, e.g., Callais Cablevision, Inc.*, Notice of Apparent Liability for Monetary Forfeiture, 16 FCC Rcd 1359, 1362, para. 10 (2001) (*Callais Cablevision, Inc.*) (proposing a forfeiture for, *inter alia*, a cable television operator's repeated signal leakage).

[11] Section 312(f)(2) of the Act, 47 U.S.C. § 312(f)(2), which also applies to violations for which forfeitures are assessed under Section 503(b) of the Act, provides that "[t]he term 'repeated', when used with reference to the commission or omission of any act, means the commission or omission of such act more than once or, if such commission or omission is continuous, for more than one day." *See Callais Cablevision, Inc.*, 16 FCC Rcd at 1362.

[12] 47 U.S.C. § 301.

radio station at this location. Because Mr. Young consciously operated the station, and did so on more than one day, the apparent violations of the Act were both willful and repeated. Based on the evidence before us, we find that Mr. Young apparently willfully and repeatedly violated Section 301 of the Act by operating radio transmission equipment without the required Commission authorization.

### B. Refusal to Allow Inspection

6. Section 303(n) of the Act states that the Commission has authority to inspect radio installations associated with stations required to be licensed or authorized by the Act.[13] On February 29, 2012, Mr. Young refused an official request by a Commission agent to inspect the radio station located in his residence and in spite of being informed that such refusal was a separate violation of the applicable law. Because Mr. Young explicitly refused a reasonable and duly made request by a Commission agent, we find the apparent violation willful. Based on the evidence before us, we find that, on February 29, 2012, Mr. Young apparently willfully violated Section 303(n) of the Act by refusing an official and duly made request by a Commission agent to inspect the radio installation located inside his residence while the station was in operation.

### C. Proposed Forfeiture Amount

7. Pursuant to the Commission's *Forfeiture Policy Statement* and Section 1.80 of the Rules, the base forfeiture amount for operation without an instrument of authorization is $10,000, and for refusing to allow inspection is $7,000.[14] In assessing the monetary forfeiture amount, we must also take into account the statutory factors set forth in Section 503(b)(2)(E) of the Act, which include the nature, circumstances, extent, and gravity of the violations, and with respect to the violator, the degree of culpability, any history of prior offenses, ability to pay, and other such matters as justice may require.[15] In doing so, we find that the violations here warrant a proposed forfeiture above the base amount. The fact that Mr. Young repeatedly operated an unlicensed station—and also refused to allow a lawful inspection of his equipment—when he knew that such actions were unlawful demonstrate a deliberate disregard for the Act and the Commission's requirements.[16] Thus, we find that an additional upward adjustment of $5,000 in the forfeiture amount is warranted.[16] Applying the *Forfeiture Policy Statement*, Section 1.80 of the Rules, and the statutory factors to the instant case, we conclude that Mr. Young is apparently liable for a total forfeiture in the amount of $22,000. We further caution Mr. Young that future violations may be subject to more severe enforcement action, including but not limited to larger monetary forfeitures, criminal prosecution, and the *in rem* seizure of his equipment.[17]

---

[13] 47 U.S.C. § 303(n).

[14] *The Commission's Forfeiture Policy Statement and Amendment of Section 1.80 of the Rules to Incorporate the Forfeiture Guidelines*, Report and Order, 12 FCC Rcd 17087 (1997) (*Forfeiture Policy Statement*), *recons. denied*, 15 FCC Rcd 303 (1999); 47 C.F.R. § 1.80.

[15] 47 U.S.C. § 503(b)(2)(E).

[16] *See, e.g., Robert Brown*, Forfeiture Order, 26 FCC Rcd 6854 (Enf. Bur., Northeast Region 2011) (imposing a $15,000 forfeiture for violations of Section 301), *aff'g*, Notice of Apparent Liability for Forfeiture, 25 FCC Rcd 13740 (Enf. Bur., Boston Office 2010) (petition for reconsideration pending); *Lloyd Morris*, Forfeiture Order, 26 FCC Rcd 6856 (Enf. Bur., Northeast Region 2011) (imposing a $15,000 forfeiture for violations of Section 301), *aff'g*, Notice of Apparent Liability for Forfeiture, 25 FCC Rcd 13736 (Enf. Bur., Boston Office 2010) (petition for reconsideration pending).

[17] *See* 47 U.S.C. §§ 401, 501, 503, 510.

## IV.    ORDERING CLAUSES

8.      Accordingly, **IT IS ORDERED** that, pursuant to Section 503(b) of the Communications Act of 1934, as amended, and Sections 0.111, 0.204, 0.311, 0.314, and 1.80 of the Commission's rules, Arthur Lee Young is hereby **NOTIFIED** of this **APPARENT LIABILITY FOR A FORFEITURE** in the amount of twenty-two thousand dollars ($22,000) for violations of Sections 301 and 303(n) of the Act.[18]

9.      **IT IS FURTHER ORDERED** that, pursuant to Section 1.80 of the Commission's rules, within thirty (30) calendar days of the release date of this Notice of Apparent Liability for Forfeiture, Arthur Lee Young **SHALL PAY** the full amount of the proposed forfeiture or **SHALL FILE** a written statement seeking reduction or cancellation of the proposed forfeiture.

10.     Payment of the forfeiture must be made by credit card, check, or similar instrument, payable to the order of the Federal Communications Commission. The payment must include the Account number and FRN referenced above. Payment by check or money order may be mailed to Federal Communications Commission, P.O. Box 979088, St. Louis, MO 63197-9000. Payment by overnight mail may be sent to U.S. Bank – Government Lockbox #979088, SL-MO-C2-GL, 1005 Convention Plaza, St. Louis, MO 63101. Payment by wire transfer may be made to ABA Number 021030004, receiving bank TREAS/NYC, and account number 27000001. For payment by credit card, an FCC Form 159 (Remittance Advice) must be submitted. When completing the FCC Form 159, enter the NAL/Account number in block number 23A (call sign/other ID), and enter the letters "FORF" in block number 24A (payment type code). Requests for full payment under an installment plan should be sent to: Chief Financial Officer -- Financial Operations, 445 12th Street, S.W., Room 1-A625, Washington, D.C. 20554.[19]  For questions about payment procedures, contact the Financial Operations Group Help Desk at 1-877-480-3201 or E-mail: ARINQUIRIES@fcc.gov. If payment is made, Arthur Lee Young shall send electronic notification on the date said payment is made to SCR-Response@fcc.gov.

11.     The written statement seeking reduction or cancellation of the proposed forfeiture, if any, must include a detailed factual statement supported by appropriate documentation and affidavits pursuant to Sections 1.80(f)(3) and 1.16 of the Rules.[20]  Mail the written statement to Federal Communications Commission, Enforcement Bureau, South Central Region, Atlanta Office, 3575 Koger Blvd, Suite 320, Duluth, GA 30096 and include the NAL/Acct. No. referenced in the caption. Arthur Lee Young also shall e-mail the written response to SCR-Response@fcc.gov.

12.     The Commission will not consider reducing or canceling a forfeiture in response to a claim of inability to pay unless the petitioner submits: (1) federal tax returns for the most recent three-year period; (2) financial statements prepared according to generally accepted accounting practices (GAAP); or (3) some other reliable and objective documentation that accurately reflects the petitioner's current financial status. Any claim of inability to pay must specifically identify the basis for the claim by reference to the financial documentation submitted.

---

[18] 47 U.S.C. §§ 301, 303(n), 503(b); 47 C.F.R. §§ 0.111, 0.204, 0.311, 0.314, 1.80.

[19] *See* 47 C.F.R. § 1.1914.

[20] 47 C.F.R. §§ 1.16, 1.80(f)(3).

4

13.    **IT IS FURTHER ORDERED** that a copy of this Notice of Apparent Liability for Forfeiture shall be sent by both Certified Mail, Return Receipt Requested, and regular mail, to Arthur Lee Young at his address of record.

FEDERAL COMMUNICATIONS COMMISSION

Douglas Miller

Douglas Miller
District Director
Atlanta Office
South Central Region
Enforcement Bureau

5

**Before the**
**Federal Communications Commission**
**Washington, D.C. 20554**

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| Arthur Lee Young | ) | File No.: EB-FIELDSCR-12-00001026 |
| | ) | NAL/Acct. No.: 201232480003 |
| Cosby, TN | ) | FRN: 0021636261 |
| | ) | |

**FORFEITURE ORDER**

**Adopted:** June 8, 2012                                    **Released:** June 8, 2012

By the Regional Director, South Central Region, Enforcement Bureau:

    1.    In this Forfeiture Order (Order), we issue a monetary forfeiture in the amount of twenty two thousand dollars ($22,000) to Arthur Lee Young for willful and repeated violation of Section 301 of the Communications Act of 1934, as amended (Act)[1] and willful violation of Section 303(n) of the Act.[2] The noted violations involved Mr. Young's operation of an unlicensed radio station on the frequency 87.9 MHz and refusal to allow an inspection of his radio station.

    2.    On March 27, 2012, the Enforcement Bureau's Atlanta Office (Atlanta Office) issued a Notice of Apparent Liability for Forfeiture (*NAL*) in the amount of $22,000 to Mr. Young.[3] Mr. Young has not filed a response to the *NAL*.[4] Based on the information before us, we affirm the forfeiture.

    3.    **ACCORDINGLY, IT IS ORDERED** that, pursuant to Section 503(b) of the Communications Act of 1934, as amended,[5] and Sections 0.111, 0.204, 0.311 and 1.80(f)(4) of the Commission's rules,[6] Arthur Lee Young **IS LIABLE FOR A MONETARY FORFEITURE** in the amount of $22,000 for violations of Sections 301 and 303(n) of the Act.[7]

---

[1] 47 U.S.C. § 301.

[2] 47 U.S.C. § 303(n).

[3] *Arthur Lee Young.*, Notice of Apparent Liability for Forfeiture, 27 FCC Rcd 2960 (Enf. Bur. 2012).

[4] "King Dennis Craig, surnamed Bynum" submitted a letter, claiming that, as of February 24, 2012, he owned the land near Cosby, Tennessee formerly owned by Mr. Young and that he was broadcasting from there. Letter from King Dennis Craig Surnamed Bynum to Agent, Atlanta Office, South Central Region, Enforcement Bureau (Apr. 3, 2012) (on file in EB-FIELDSCR-12-00001026). Mr. Bynum claimed to be an American National not subject to the jurisdiction of the United States. On April 19, 2012, an agent from the Atlanta Office telephoned Mr. Young and asked if Mr. Bynum had responded on his behalf. Mr. Young replied that he had no knowledge of the letter from Mr. Bynum and that he had nothing to do with the station anymore. We note that Sevier County Tennessee property records show that, as of May 17, 2012, Mr. Young owned the property where the transmitter was located. *See* Tennessee Trustee Webpage at http://sevier.tennesseetrustee.org/ (last visited May 17, 2012).

[5] 47 U.S.C. § 503(b).

[6] 47 U.S.C. §§ 301, 303(n); 47 C.F.R. §§ 0.111, 0.204, 0.311, 1.80(f)(4).

[7] 47 U.S.C. § 301.

4.    Payment of the forfeiture shall be made in the manner provided for in Section 1.80 of the Rules within thirty (30) calendar days of the release of this Order. If the forfeiture is not paid within the period specified, the case may be referred to the Department of Justice for enforcement pursuant to Section 504(a) of the Act.[8] Payment of the forfeiture must be made by check or similar instrument, payable to the order of the Federal Communications Commission. The payment must include the NAL/Account Number and FRN referenced above. Payment by check or money order may be mailed to Federal Communications Commission, P.O. Box 979088, St. Louis, MO 63197-9000. Payment by overnight mail may be sent to U.S. Bank – Government Lockbox #979088, SL-MO-C2-GL, 1005 Convention Plaza, St. Louis, MO 63101. Payments by wire transfer may be made to ABA Number 021030004, receiving bank TREAS/NYC, and account number 27000001. Regardless of form of payment, an FCC Form 159 (Remittance Advice) must be submitted. FCC Form 159 may be obtained at http://www.fcc.gov/Forms/Form159/159.pdf. When completing the FCC Form 159, enter the NAL/Account number in block number 23A (call sign/other ID), and enter the letters "FORF" in block number 24A (payment type code). Requests for full payment under an installment plan should be sent to: Chief Financial Officer -- Financial Operations, 445 12th Street, S.W., Room 1-A625, Washington, D.C. 20554. Please contact the Financial Operations Group Help Desk at 1-877-480-3201 or Email: ARINQUIRIES@fcc.gov with any questions regarding payment procedures. Arthur Lee Young shall also send electronic notification on the date said payment is made to SCR-Response@fcc.gov.

5.    **IT IS FURTHER ORDERED** that a copy of this Order shall be sent by both First Class Mail and Certified Mail, Return Receipt Requested, to Arthur Lee Young at his address of record.

FEDERAL COMMUNICATIONS COMMISSION

Dennis P. Carlton
Regional Director, South Central Region
Enforcement Bureau

[8] 47 U.S.C. § 504(a).

2